1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS
2

3     UNITED STATES OF AMERICA,            )
                                           )
4                   Plaintiff              )
                                           )
5             -VS-                         )  Criminal No. 11-10187-PBS
                                           )  Pages 1 - 11
6     ANDRES COVELLI CADAVID, also         )
      known as Don Andres, also known      )
7     as Andres Torres Landines,           )
                                           )
8                   Defendant              )

9
                         **SENTENCING**
10

11          BEFORE THE HONORABLE PATTI B. SARIS
              UNITED STATES CHIEF DISTRICT JUDGE
12

13    A P P E A R A N C E S:

14       NEIL J. GALLAGHER, JR., ESQ., Assistant United States
      Attorney, Office of the United States Attorney,
15    1 Courthouse Way, Room 9200, Boston, Massachusetts, 02210,
      for the Plaintiff.
16
         ROBERTO E. ABREU, ESQ., The Abreu Law Firm, LLC,
17    2631 S.W. 27th Street, Miami, Florida, 33133, for the
      Defendant.
18
      ALSO PRESENT:  Jennifer Broquist, United States Probation.
19                    Gabriel Hadad, Spanish Interpreter.

20                              United States District Court
                                1 Courthouse Way, Courtroom 19
21                              Boston, Massachusetts  02210
                                November 4, 2013, 2:43 p.m.
22

23                    LEE A. MARZILLI
                   OFFICIAL COURT REPORTER
24               United States District Court
                 1 Courthouse Way, Room 7200
25                   Boston, MA  02210
                     (617)345-6787

```
1                    P R O C E E D I N G S

2              (Interpreter Hadad duly sworn.)

3              THE CLERK:  Court calls Criminal Action 11-10187,

4    United States v. Clavijo, et al.  Could counsel please identify

5    themselves.

6              MR. GALLAGHER:  Good afternoon, your Honor.  Neil

7    Gallagher for the United States.

8              MR. ABREU:  Good afternoon, your Honor.  Robert Abreu

9    on behalf of Andres Covelli Cadavid, who is present before the

10   Court.

11             MS. BROQUIST:  Good afternoon, your Honor.  Jennifer

12   Broquist for Probation.

13             THE COURT:  Thank you.  You may be seated.  You swore

14   the Interpreter.  That's wonderful.  Thank you.

15             So there's a little bit of a dispute over the

16   Guidelines, but it's much ado without any consequence because

17   you end up at the same place.  So whether it's sophisticated

18   money laundering or the business of money laundering, we end

19   up, I think, at the same Guideline range.

20             MR. ABREU:  Yes, your Honor, and I had spoken with

21   government counsel.  We will be withdrawing our objection at

22   this time, and we agree with Probation that the highest

23   Guideline should be used, so we agree with Probation's

24   assessment.

25             THE COURT:  All right.  So basically the total offense
```

1  level is 31.  The criminal history category is I.  It puts us

2  at a range of incarceration of 108 to 135 months, one to three

3  years of supervised release, a fine range of $15,000 to

4  $500,000.  I take it you've had a chance to go through this

5  with your client as well to see if there were any other

6  objections?

7         MR. ABREU:  Yes, your Honor.  No.  We had other

8  factual objections.

9         THE COURT:  Right, whether or not 20 meant $2 million

10  or $20 million.

11         MR. ABREU:  Correct.

12         THE COURT:  There were certain -- none of it makes a

13  difference in terms of how we calculate the range, I think.

14         MR. ABREU:  That's correct, that's correct.

15         THE COURT:  Okay.  So now I have a -- I don't know who

16  everyone is sitting here, but there's a motion which is

17  granted.  So now the only issue is what the sentence is.  And

18  perhaps you can -- I know Ms. Ricci.  I don't know everybody, I

19  don't think.  Should I be closing the courtroom?

20         MR. GALLAGHER:  Your Honor, we're happy to come to

21  sidebar if you want to, but --

22         THE COURT:  Well, do you know everybody in here?

23         MR. GALLAGHER:  I don't.

24         THE COURT:  Okay.  So let me just put it this way:

25  The issue right now -- why don't you say as much as you can say

```
 1   on the public record, and to the extent we need to go to

 2   sidebar, we will.

 3            MR. GALLAGHER:  Your Honor, this should be fairly

 4   straightforward.  This is going to be a joint recommendation, a

 5   sentence of 86 months, and --

 6            THE COURT:  That's easy enough then.

 7            MR. GALLAGHER:  Yes.

 8            THE COURT:  All right.

 9            MR. ABREU:  Yes, your Honor.

10            THE COURT:  Did you want to say anything?

11            MR. ABREU:  The only thing I wanted to read into the

12   record is, I received an e-mail from my client's daughter.  I

13   was unable to print it out.  If the Court would allow me to

14   read it into the record and I'll supplement the court file with

15   a paper motion.

16            THE COURT:  Of course.

17            MR. ABREU:  His daughter lives in Colombia.  She is

18   Colombian.  She wrote it in English because she's studying

19   English, so I'll read it.  The grammar is not perfect, your

20   Honor, but if you can bear with me, it says, "My name is

21   Angeline Covelli Pabone.  I was born on October 8, 2001.  I

22   have twelve years.  I am a girl who loves her father very much.

23   I miss him, who needs him, and wants to have his company from

24   now on because of the time we've been apart has been difficult.

25   We are a very nice family.  I know my mom has made every effort
```

```
 1   to be father and mother at the same time, but he is very

 2   special.  He played, ran, laughed, in whom I take refuge when I

 3   made mistakes, and protects me.  I could not be present at this

 4   hearing because I am in my late exams in the school year, and

 5   it will be very painful for me to see my father in these

 6   difficult conditions.  I prefer to remember him as a great dad,

 7   strong, loving, always having a solution to my little problem.

 8   I know he made a mistake and that's why we have been separated.

 9   I do not know the failures so immense that made me.  I am sure

10   you have learned a lesson and will not again make the same

11   mistake.  That's enough with all we've been through.  I need a

12   lot because I will enter a stage they say is complicated,

13   adolescence, and also I need to retrieve all this time we've

14   lost.  I thank Ms. Judge and in a few minutes at this audience

15   to know that my dad is not alone.  Him have me.  I send a kiss

16   and a hug.  He knows I love him and I'm waiting.  Thank you

17   very much.  Angeline Covelli."

18            Thank you, your Honor.

19            THE COURT:  Thank you.  That was very nicely written.

20            Do you want to say anything, Mr. Covelli?

21            THE DEFENDANT (By the Interpreter):  Yes.  Good

22   afternoon, your Honor.  I want to thank you for the time you're

23   granting me for speaking to you and everyone present here and

24   to express what's in my heart.  I'd like to start by saying

25   thank you to the prosecutor and his whole team, his whole work
```

1    team, because of their consideration, very specially to my

2    lawyer also for the huge amount of time and effort, quality

3    time that he has dedicated to my case.  To my family who are

4    not here, in any case, I want to apologize to because of my

5    mistakes and bad decisions that I know have caused a lot of

6    harm and a lot of suffering to them, especially because of our

7    separation.  To you, your Honor, very specially, from the

8    bottom of my heart, I'd like to tell you that I'm sorry to you,

9    the Court, and this great nation.  I know that if I have

10   another opportunity, I'll make the right decisions, and I know

11   that I won't make these mistakes again.  Thank you pretty much.

12             THE COURT:  Thank you.  Well, I will certainly accept

13   the joint recommendation of counsel.  I would like to start,

14   though, to explain why, other than the -- there are certain

15   issues I won't discuss publicly but which are in the materials,

16   but I'll just say this overall:  Here in Boston, we don't often

17   get sophisticated drug conspiracies or money laundering

18   conspiracies.  This is a money laundering conspiracy that

19   you're charged with, and it's really one of the more

20   sophisticated ones that I've seen.  It involved multiple

21   accounts, and including your involvement in it, not just the

22   conspiracy, multiple accounts.  It involved drug money.  I had

23   to have a whole evidentiary hearing to even understand how it

24   worked.

25             So while I respect the fact that your daughter loves

1   you and you love your daughter, and I respect the fact that

2   you've got a lovely family life, whom you loved them very much

3   back in Colombia, this is a matter of international

4   significance, the movement of money and drugs across borders,

5   and you were a big part of it.  And I hope that you're genuine

6   in saying you're not going to go back to this life because you

7   can tell the money is just so huge that the temptation must be

8   almost overwhelming, but you can't.  And at this point you're

9   known to your government.  You certainly can never come back

10  here.  And while I take your heartfelt apologies to be sincere,

11  I also don't want to at all downplay how significant this whole

12  conspiracy is.  I mean, what I tend to see is the other end of

13  the spectrum here, the kid from Dorchester or Roxbury, some

14  poor kid who's selling a few grams here, a few grams there of

15  the cocaine.  The most they'll ever see is maybe a few hundred

16  bucks at a time, and some of them are doing a lot more time

17  than you are, actually, for the street-level sales.

18          So I do think this is an appropriate sentence.  I

19  think it's sufficient but not greater than necessary to deter

20  others.  You have had no prior involvement with the criminal

21  justice system, as I get it, either here or in Colombia.  Isn't

22  that basically right?  You stayed in a hideous place, I

23  understand it, in Colombia, a terrible place, not that ours are

24  so terrific, but theirs I understand are horrible.  They write

25  documentaries about them.  I'm just simply saying, I hope you

```
 1   don't get involved again because it's something that I think

 2   both governments now are taking really seriously.

 3              So I will impose a sentence of 86 months.  I will not

 4   impose a term of supervised release because you cannot come

 5   back here.  I have to impose -- how much is it now?

 6              MS. BROQUIST:  $100.

 7              THE COURT:  -- $100 special assessment.  And is there

 8   any money, anything worth -- is there a forfeiture or anything

 9   that I need to discuss?

10              MR. GALLAGHER:  No, your Honor.  I mean, the defendant

11   has agreed to forfeit his interest in certain companies in

12   Colombia, but at this point I don't believe there's any assets

13   to go after, so there's no order to submit to the Court.

14              THE COURT:  So there's no forfeiture order?

15              MR. GALLAGHER:  No forfeiture.

16              THE COURT:  And are there assets here in terms of a

17   fine?

18              MS. BROQUIST:  No, your Honor, not that we discovered.

19              THE COURT:  All right, so that's useless.  All right,

20   no fine.

21              All right, do you want to read the notice of appeal

22   rights.

23              THE CLERK:  Sir, will you please stand.

24              The Court hereby notifies you of your right to appeal

25   this sentence.  If you cannot afford the cost of an appeal, you
```

1    may move to proceed in forma pauperis.  Any appeal from this

2    sentence must be filed within fourteen days of entry of

3    judgment on the docket.

4              Do you understand these rights?

5              THE DEFENDANT (By the Interpreter):  Yes, yes.

6              THE COURT:  All right, and let me also just say this.

7    This is not for your benefit but for -- I've got so many more

8    sentencings to do.  I didn't see a real difference here between

9    someone who was in the business of money laundering and a

10   sophisticated operation in this context, but I don't mean to

11   bind myself for future sentencings because I believe this issue

12   may come up a fair amount.  So I'm not putting a stake in the

13   ground as to what goes down one path and what another.  I think

14   here they pretty much overlap.  Other people may be getting

15   transcripts of things, so I want to make sure they don't say,

16   "Oh, you did it for one, you do it for another."  Here both

17   apply, and I think I'll leave it at that.  All right?  Thank

18   you very much.

19             MR. ABREU:  Judge, I have one further request.  If the

20   Court would consider making a recommendation to the Bureau of

21   Prisons that he be housed in the state of Florida.  Mr. Covelli

22   has no family in the United States.  I'm the only one that

23   visits him, and it would be more convenient for me to visit him

24   in Florida.

25             THE COURT:  Sure.  That sounds fine.  It actually

```
 1   might not be so hard for that family to fly up from Colombia to
 2   Miami either.
 3               MR. ABREU:  Exactly.
 4               THE COURT:  Actually, I'm ignorant.  Is there a
 5   federal correctional institution right near Miami?
 6               MR. ABREU:  No.  In Coleman -- there's one past Tampa,
 7   between Tampa and Orlando, Coleman, which is a medium and a low
 8   security.
 9               THE COURT:  All right, a recommendation to Coleman.
10   Is it a medium security facility?
11               MR. ABREU:  They have medium and low security.  I
12   think he may end up in a low security.
13               THE COURT:  He could well be.  There's no violence
14   here, so --
15               MR. ABREU:  Yes.  Okay, thank you, your Honor.
16               THE COURT:  All right, thank you.
17               Now, I see you Thursday morning, right?
18               MR. GALLAGHER:  Yes, your Honor.
19               THE CLERK:  9:30.
20               THE COURT:  9:30.  And just remember, I am definitely
21   not going into the afternoon.
22               MR. GALLAGHER:  Understood, yes.
23               THE COURT:  And there's no one coming in
24   internationally?
25               MR. GALLAGHER:  One witness, your Honor.  I'm going to
```

make it straight, short, and simple.

THE COURT: Okay, good. Thank you.

MR. ABREU: Thank you, your Honor.

THE CLERK: All rise.

(Adjourned, 2:56 p.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS ) ss.
CITY OF BOSTON )

I, Lee A. Marzilli, Official Federal Court Reporter, do hereby certify that the foregoing transcript, Pages 1 through 11 inclusive, was recorded by me stenographically at the time and place aforesaid in Criminal No. 11-10187-PBS, United States of America v. Andres Covelli Cadavid, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

Dated this 17th day of February, 2016.

/s/ Lee A. Marzilli

LEE A. MARZILLI, CRR
OFFICIAL COURT REPORTER